UNITED STATES DISTRICT COURT
DISCTRICT OF MASSACHUSETTS

CASE NO.:

RAOUL MARRADI,

      Plaintiff,

vs.

THE CITY OF BOSTON, MASSACHUSETTS, and
ASHKENAZY ACQUISITION CORP.,

      Defendants.
_____/

## COMPLAINT

Plaintiff, RAOUL MARRADI (hereinafter, "Plaintiff"), hereby sues Defendants, THE CITY OF BOSTON, MASSACHUSETTS, and ASHKENAZY ACQUISITION CORP., for injunctive relief and damages pursuant to 42 U.S.C. §12131, *et seq.* ("Title II"), 42 U.S.C. § 12181, *et seq.* ("Title III") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter, the "ADAAG") (hereinafter, the "Americans with Disabilities Act" or "ADA") and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §794 (hereinafter, the "Rehabilitation Act").

### JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §§12131, *et seq.* based on Defendants' violations of Title II and III of the Americans with Disabilities Act and the Rehabilitation Act *(see also* 28 U.S.C. §§2201 and 2202).

### PARTIES

2.    Plaintiff is a resident of Massachusetts, is sui juris, is a qualified individual with

1

disabilities under and as defined by the ADA, and desires to have access to and participate in the services, programs, facilities, activities, buildings, spaces, premises and accommodations provided by Defendants, but is unable to do so solely as a result of his disability and Defendant's discriminatory practices described herein. Plaintiff has suffered, and without the immediate relief requested herein will continue to suffer, direct and indirect discrimination, injury and damage as a result of the Defendants' actions or inaction described herein.

3. Plaintiff is disabled as defined by the ADA and substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and pinching. Plaintiff uses a wheelchair for mobility purposes. Plaintiff's access to the Facility and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations offered therein was restricted and/or limited because of these disabilities, and will be restricted and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and ADA violations which exist at the Facility, including those set forth in this Complaint.

4. Completely independent of Plaintiff's personal desire to have access to places of public accommodation free of illegal barriers to access, Plaintiff also acts as a "tester" on behalf of Plaintiff, and other persons with disabilities, for the purpose of discovering, encountering, and engaging discrimination against the disabled in public accommodations. When acting as a "tester," Plaintiff employs a routine practice. Plaintiff personally visits the public accommodation where Plaintiff knows or where it has been reported that illegal barriers to access exist; engages barriers to access that Plaintiff is able to access or has barriers reported, documented and/or photographed; and tests barriers to access to determine whether and the extent to which there are illegal barriers to access; proceeds with legal action to enjoin such discrimination; and subsequently returns to the premises to verify its compliance or non-compliance with the ADA and to otherwise use the public

accommodation as members of the able-bodied community are able to do. Independent of other subsequent visits for personal reasons, Plaintiff also intends to revisit the premises to verify its compliance or non-compliance with the ADA, and its maintenance of the accessible features of the premises.

5. In this instance, Plaintiff, individually and for personal reasons, and also as a "tester," visited the Facility, encountered barriers to access at the Facility, and engaged and tested those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendant's ADA violations set forth herein.

6. Plaintiff has suffered and continues to suffer direct and indirect injury as a result of Defendant's actions or inaction described herein.

7. Defendant, THE CITY OF BOSTON, MASSACHUSETTS (hereinafter, the "City" or "Defendant"), is a public entity as defined by and pursuant to 42 U.S.C. §12131, and is subject to the provisions of the ADA and is the recipient of federal funds and subject to the Rehabilitation Act.

8. The City owns, operates and leases facilities, buildings, services, programs and activities, where barriers to access exist, including Faneuil Hall Marketplace.

9. Defendant ASHKENAZY ACQUISITION CORP. transacts business in this judicial district. Defendant is the owner, lessee, lessor and/or operator of the real property and improvements which are the subject of this action, commonly referred to as Faneuil Hall Marketplace.

<u>COUNT I</u>
<u>VIOLATION OF TITLE II AMERICANS WITH DISABILITIES ACT</u>
<u>AGAINST THE CITY OF BOSTON, MASSACHUSETTS</u>

10. Plaintiff realleges and incorporates by reference the allegations set forth in

paragraphs 1 - 9 above.

11. Plaintiff brings this claim against the Defendant based upon the Americans with Disabilities Act, which was enacted by Congress on July 26, 1990.

12. In enacting the ADA, Congress found, among other things, that:

    i. some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    ii. historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    iii. discrimination against individuals with disabilities persists in such critical areas as employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    iv. individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, activities, benefits, jobs. or other opportunities; and

    v. the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity,

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

13. Congress explicitly stated that the purpose of the ADA was to:

    i. provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    ii. provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    iii. invoke the sweep of congressional authority, including the power to

enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

14. Defendant has violated the ADA and has discriminated against Plaintiff by excluding him from participation in and denying them the benefits of Defendant's public services, programs, facilities, activities, buildings, spaces, premises and accommodations solely by reason of his disability.

15. Defendant is in violation of the ADA and has discriminated against Plaintiff by:

   A. failing to develop and implement a proper transition plan;

   B. denying Plaintiff access to, and the opportunity to participate in or benefit from, the aids, benefits, activities, programs, accommodations and services offered by Defendant;

   C. otherwise limiting Plaintiff in the enjoyment of the rights, privileges, advantages and opportunities enjoyed by individuals without disabilities who receive Defendant's aids, benefits and services, as prohibited by 42 U.S.C. §12131, *et seq.* and 28 C.F.R. §35.130. §35.150;

   D. making facility site or location selections that have the effect of discriminating against individuals with disabilities and excluding them from and denying them the benefits of, or substantially impairing the accomplishment of, the objectives of, the services, programs and activities offered by Defendant;

   E. failing to make reasonable modifications in policies, practices and procedures which modifications are necessary to avoid discrimination on the basis of disability;

   F. failing to administer services, programs and activities in the most integrated setting appropriate to the needs of Plaintiff;

   G. excluding Plaintiff from participation in, and the benefits of, Defendant's services programs and activities as a result of Defendant's facilities being inaccessible to or unusable by Plaintiff;

   H. failing to operate each program, service and activity so that it is readily accessible to and useable by individuals with disabilities;

    I.    failing to design and/or construct facilities, or make alterations to existing facilities, so that they are readily accessible to and useable by individuals with disabilities;

    J.    failing to adopt and publish grievance procedures providing for the prompt and equitable resolution of complaints alleging any actions prohibited by the ADA and the regulations thereunder and/or by failing to promptly and equitably resolve grievances which are filed (28 C.F.R. 2135.107[1A).

16.    Specific, although not exclusive, examples of Defendant's ADA violations and practices discriminatory to individuals with disabilities include:

    a.    Barriers to access at all 3 buildings;

    b.    Cracks and holes along accessible routes that exceed ¾";

    c.    A lack of signage at inaccessible entrances indicating the accessible route and entrances;

    d.    A lack of accessible entrances at the buildings;

    e.    A lack of accessible ramps;

    f.    Ramps that are too steep;

    g.    Ramps without accessible railings;

    h.    Elevators that are inaccessible;

    i.    Elevators lacking grab bars;

    j.    Elevators that are too small for a wheelchair or power chair;

      k.        Inaccessible restrooms;

      l.        In accessible doors;

      m.        Doors with excessive resistance;

      n.        Basement stores that are inaccessible;

      o.        Stairs and steps without alternative means of vertical access, ramps, elevators and/or signage to the accessible route(s);

      p.        A lack of visual alarms and alarm systems for individuals with disabilities;

      q.        Inaccessible dining areas; and,

      r.        A lack of accessible tables.

17. The above listing is not to be considered all-inclusive of the physical barriers, dangerous conditions or ADA violations encountered by Plaintiff and/or which exist within the City. Plaintiff requires a full inspection in order to determine all of the discriminatory acts violating the ADA.

18. As set forth above, Plaintiff has been denied access to, and without the relief requested herein will continue to be denied the benefits of the services, programs, facilities, activities, buildings, spaces, premises and accommodations offered by Defendant solely by reason of his disability, and has otherwise been discriminated against and damaged solely by reason of his disability as a result of Defendant's ADA violations set forth above.

19. Plaintiff has been obligated to retain undersigned counsel for the filing and

prosecution of this action. Plaintiff's counsel's fees, litigation expenses and costs are recoverable from Defendant pursuant to 42 U.S.C. §12205.

20. Any and all requisite notice, if any, has been provided to the Defendant and all necessary administrative remedies, if any, have been exhausted.

21. Pursuant to 42 U.S.C. §12133, 29 U.S.C. §794a, and 49 U.S.C. §2000e, the Court is provided authority to grant Plaintiff injunctive relief including an order to alter the subject premises, facilities, services, activities, programs, buildings, spaces, premises and accommodations to make them accessible to and useable by individuals with disabilities to the extent required by the ADA, closing all premises and facilities, and discontinuing all complying services, activities, programs and accommodations until the requisite modifications are completed.

WHEREFORE, Plaintiff respectfully requests the Court to issue a permanent injunction enjoining the Defendant from continuing its discriminatory practices, ordering the Defendant to alter and modify the subject premises, facilities, services, activities, programs, accommodations and buildings as appropriate to comply with the ADA, and if necessary, closing the subject premises, facilities and buildings and discontinuing all non-complying services, activities, programs and accommodations until the requisite modifications are completed, awarding Plaintiff damages, and awarding Plaintiff attorneys' fees, costs and litigation expenses incurred in this action.

<u>COUNT II</u>
<u>VIOLATION OF THE REHABILITATION ACT</u>
<u>AGAINST THE CITY OF BOSTON, MASSACHUSETTS</u>

22. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 – 9, 16 and 17, above.

23. Defendant's policies, practices and procedures, particularly the actions and omissions described above, violated the Plaintiff's rights under Section 504 of the Rehabilitation

Act by discriminating against him on the basis of a disability.

24. Additionally, the Defendant also denied Plaintiff services, activities and programs that it made available to non-disabled individuals.

25. Defendant violated Plaintiff's rights through its refusal to reasonably accommodate Plaintiff and others with disabilities or to modify policies and procedures to prevent discrimination from occurring as in this case.

26. Plaintiff suffered severe emotional distress and damages in the past, and continues to suffer distress and damages due to the Defendant's violations of Section 504.

WHEREFORE, Plaintiff respectfully prays that this Court grant the following relief against the Defendant, including entering a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that the Defendant's practices, policies and procedures have subjected the Plaintiff to discrimination in violation of Section 504 of the Rehabilitation Act, permanently enjoining the Defendant from any practice, policy and/or procedure which will deny the Plaintiff equal access to, and benefit from the Defendant's programs, services and activities. This includes entering a permanent injunction ordering the Defendant to:

a. To cease discrimination against the Plaintiff and other disabled persons;

b. To promulgate and comply with policies and procedures to ensure that the Defendant and its staff does not discriminate against individuals with disabilities;

c. Award compensatory damages;

d. Award reasonable costs and attorneys' fees; and

e. Award any and all other relief that may be necessary and appropriate.

## COUNT III
## VIOLATION OF TITLE III OF THE ADA
## AGAINST ASHKENAZY ACQUISITION CORP.

27. Plaintiff realleges and incorporates by reference the allegations set forth in

paragraphs 1 – 9, 16 and 17, above.

28.     On July 26, 1990, Congress enacted the Americans with Disabilities Act (hereinafter, the ADA), 42 U.S.C. § 12101, *et seq*.

29.     Congress found, among other things, that:

   (i)   some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

   (ii)  historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

   (iii) discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

   (iv)  individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

   (v)   the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

30.     Congress explicitly stated that the purpose of the ADA was to:

   (i)   provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

   (ii)  provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

   (iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address

> the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

31. The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if the defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

32. The Facility is a public accommodation and service establishment.

33. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if the defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181, *et seq.*, and 28 C.F.R. § 36.508(a).

34. The Facility must be, but is not, in compliance with the ADA and ADAAG.

35. Plaintiff has attempted to and has, to the extent possible, accessed the Facility, but could not do so because of Plaintiff's disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility that preclude and/or limit Plaintiff's access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

36. Plaintiff intends to visit the Facility again in the near future in order to utilize all of

the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at this Facility, but will be unable to do so because of Plaintiff's disability due to the physical barriers to access, dangerous conditions and ADA violations that exist at the property that preclude and/or limit Plaintiff's access to the Facility and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

37. Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C. § 12182, *et seq.*, and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

38. Defendant has discriminated against Plaintiff by failing to comply with the above requirements as set forth in Paragraphs 16 and 17, above.

39. Plaintiff has attempted to gain access to the Facility, but because of Plaintiff's disability has been denied access to, and has been denied the benefits of services, programs and activities of the Facility, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expects to be discriminated against in the future by Defendant because of Plaintiff's disability, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

40. The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

41. Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

42. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs and litigation expenses from Defendant pursuant to 42 U.S.C. §§ 12205 and 12117.

43. Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADAAG.

WHEREFORE, Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing the discriminatory practices set forth herein, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and awarding Plaintiff reasonable attorney's fees, litigation expenses and costs.

Respectfully submitted,

By: /s/Edward N. Garno, Esq.
Edward N. Garno, Esq.
147 Central Street, Suite 213
Lowell, Massachusetts 01852
Telephone: (978) 687-7805
Facsimile: (978) 446-1311
E-mail: nedgarno@hotmail.com
Massachusetts Bar No.: 564378
Lead Counsel for Plaintiff

By: /s/Todd W. Shulby, Esq.
Todd W. Shulby, Esq.
Todd W. Shulby, P.A.
2800 Weston Road, Suite 101
Weston, Florida 33331
Telephone: (954) 530-2236
Facsimile: (954) 530-6628
E-mail: tshulby@shulbylaw.com
Florida Bar No.: 068365
Counsel for Plaintiff